IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **v.** § | **CRIMINAL NO. 6:25-CR-162(1)-ADA** |
| § | |
| **DEON CLAY** § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of Deon Clay's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

### I.  PROCEDURAL BACKGROUND

On December 10, 2021, Judge Lee Yeakel sentenced DEON CLAY for the crime of Bank Robbery in violation of 18 U.S.C. § 2113(a). Clay was sentenced to a twenty-nine (29) month period of imprisonment, set to run concurrently to any anticipated sentence in the 427th District Court in Travis County, Texas, in cause #D-1-DC-17-302691, followed by three (3) years of supervised release, a $100.00 special assessment, and $600.00 in restitution. Judge Yeakel also ordered special conditions. Clay began his supervised release on March 7, 2025.

On September 18, 2025, the United States Probation Office filed a Petition for Warrant or

Summons for Offender Under Supervision, alleging Clay violated the terms of his supervision in the following ways:

**Violation Number 1:** Clay violated his special condition, in that on or about August 19, August 27, August 28, and September 18, 2025, he failed to participate in a mental health treatment program as required.

**Violation Number 2:** Clay violated his special condition, in that on or about September 18, 2025, he failed to take all mental health medications as prescribed.

**Violation Number 3:** Clay violated his mandatory condition number 7, in that on or about September 18, 2025, he failed to pay his restitution.

**Violation Number 4:** Clay violated his mandatory condition number 8, in that on or about September 18, 2025, he failed to pay his special assessment.

**Violation Number 5:** Clay violated his standard condition number 2, in that on or about both September 3 and September 10, 2025, he failed to report a directed.

**Violation Number 6:** Clay violated his standard condition number 4, in that on or about August 26, 2025, he failed to answer truthfully questions asked by the probation officer.

**Violation Number 7:** Clay violated his standard condition number 5, in that on or about September 3, 2025, he failed to live at a place approved by the probation officer.

**Violation Number 8:** Clay violated his standard condition number 7, in that on or about September 18, 2025, he failed to work full time at a lawful type of employment.

**Violation Number 9:** Clay violated his standard condition number 13, in that on or about September 3, 2025, he failed to follow the instructions of the probation officer.

On December 9, 2025, the Court held a hearing on the petition. At the hearing, Clay pled **TRUE** to all violations. The petition contained a sufficient factual basis to support a plea of **TRUE**.

## II. FINDINGS OF THE COURT

Based on Clay's sworn statements and other testimony at the hearing, the undersigned finds as follows:

1. Clay violated the conditions of his supervision as alleged in the petition.

2. Clay was competent to make the decision to enter a plea of **TRUE**.

3. Clay had both a factual and rational understanding of the proceedings against him.

4. Clay did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. Clay was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. Clay was sane and mentally competent to stand trial for these proceedings.

7. Clay was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. Clay received a copy of the petition naming him, and he either read it or had it read to him.

9. Clay understood the petition and the charges alleged against him.

10. Clay had a sufficient opportunity to discuss the petition and charges with his attorney.

11. Clay was satisfied with the job his attorney has done and had no complaints about his attorney.

12. Clay understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13. Clay freely, intelligently, and voluntarily entered his plea of **TRUE**.

14. Clay understood his statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support Clay's plea of **TRUE**.

## III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that Clay's supervised release be **REVOKED** and that he be sentenced to the following:

> (1) an eleven (11) month term of imprisonment, including credit for any time already served since his arrest;
>
> (2) no period of supervised release to follow; and
>
> (3) the undersigned further **RECCOMENDS** that Clay serves his term of imprisonment at FCI Bastrop.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by

the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 10th day of December, 2025.

DAN MACLEMORE
UNITED STATES MAGISTRATE JUDGE